# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LARRY BAILEY, JR.,**

    **Plaintiff,**

**vs.**                                                **CASE NO.:**

**LOWE'S HOME CENTERS, LLC,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, LARRY BAILEY, JR., by and through his undersigned attorney, sues the Defendant, LOWE'S HOME CENTERS, LLC (hereinafter referred to as "LOWE'S" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2.      Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, LARRY BAILEY, JR., is a resident of Pasco County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4.      Defendant, LOWE'S, is a Foreign Limited Liability Company, authorized and doing business in this Judicial District.

5.      At all times material, Plaintiff, LARRY BAILEY, JR., was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

6.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8.      Plaintiff has retained the undersigned counsel to represent his in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

9.      Lowe's hired Plaintiff in March 2010 and he worked there continuously for about a decade.  Since 2017, he worked as an Assistant Store Manager, most recently at the Lowe's location in Zephyrhills, Florida.  In his decade of employment with Lowe's, Plaintiff did not have any serious or continual disciplinary issues.

10.      In early 2020, Plaintiff began having recurring problems with kidney stones.  On January 18, 2020, he applied and was approved for intermittent leave under the Family Medical Leave Act (FMLA) to deal with those issues.  Plaintiff was approved for intermittent FMLA leave on February 10, 2020.

11.      Plaintiff used FMLA as necessary, typically once or twice a week, for about a three-week period in February and March of 2020.

12.      On Friday, March 13, 2020, while on a pre-approved vacation period, Plaintiff had a surgical procedure to treat his kidney stones.  He was scheduled to work on the following Saturday and Sunday (March 14 and March 15).

13.     Shortly before his surgery, Mr. Bailey reached out to the store manager and to discuss taking March 14 and March 15 off to recover from surgery.  The store manager approved the requested time off.

14.     The following Monday, March 16, 2020, Plaintiff returned to Lowe's from his kidney stone surgery.  That same day, Lowes terminated Plaintiff, allegedly for performance reasons.   When asked to identify the specific performance issues resulting in his termination, the store manager was unable to do so.

**COUNT I**
**FAMILY MEDICAL LEAVE ACT – INTERFERENCE**

15.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16.     Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

17.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

18.     Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

19.     Plaintiff suffered from a serious health condition within the meaning of the FMLA.

20.     Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.  Defendant terminated Plaintiff's employment for exercising his rights to leave under the FMLA to care for his medical condition.

21.     Defendant's actions constitute violations of the FMLA.

22.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Liquidated damages;

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – RETALIATION

23.     Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

24.     Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of qualified FMLA leave was a substantial or motivating factor which prompted Defendant to terminate Plaintiff's employment.

25.     Defendant's actions constitute a violation of the FMLA.

26.     As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant,

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.       Liquidated damages;

      e.       Attorneys' fees and costs;

      f.       Injunctive relief; and

      g.       For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

27.    Plaintiff demands a trial by jury on all issues so triable.

Dated this 16th day of July, 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

**s/ *Scott L. Terry*_____**
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
scott@fgbolaw.com
gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Attorneys for Plaintiff